IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

J. TIMOTHY KOHARI, D.O.,

    **Plaintiff,**

v.                                          Case No.:  2:13-cv-09072

CHRISTOPHER D. JESSIE and
JESSIE & JESSIE, A.C.,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Quash Subpoena to Hurley Drug Company. (ECF No. 75). Defendants have filed a response in opposition to the motion, (ECF No. 76), and the time for filing a reply memorandum has expired. For the reasons that follow, the court **DENIES** Plaintiff's motion to quash, but **GRANTS** Plaintiff a protective order under Federal Rule of Civil Procedure 26 modifying the subpoena *duces tecum* to narrow the scope of the protected health information to be produced by Hurley Drug Company.

### I. Relevant Facts

Plaintiff, J. Timothy Kohari, D.O., operated a medical practice in the Williamson, West Virginia area until 2008 when he decided to retire. While in practice, Plaintiff engaged Defendants to provide general accounting, management advisory, and tax services to him personally and to his office. In December 2009, the Internal Revenue Service initiated an audit of Plaintiff's practice, which continued through May 2011.

1

According to Plaintiff, both before and during the IRS audit, Defendants provided him with incompetent advice, violated professional standards, and breached express and implied duties to both him and his business. As a result, Plaintiff claims to have incurred substantial financial loss, suffered emotional distress and other noneconomic injuries, and is now threatened with criminal prosecution for income tax invasion. On April 25, 2013, Plaintiff filed the complaint herein, charging Defendants with professional malpractice, breach of contract, fraud and/or misrepresentation, and breach of fiduciary duty. Plaintiff demands compensatory and punitive damages.

In the course of discovery, Plaintiff identified Mr. Daniel Selby as an expert witness. Mr. Selby intends to testify, in relevant part, that certain acts by Defendants led to the demise of Plaintiff's medical practice in 2008. Mr. Selby is further expected to testify that the present value of Plaintiff's practice, had it not been forced to close, is over $5,000,000; thereby, supplying evidence of a large portion of Plaintiff's alleged compensatory damages.

Defendants strenuously deny playing any role in Plaintiff's decision to close his practice, instead contending that Plaintiff chose to voluntarily retire from medicine for a variety of reasons. Most significant to this motion, Defendants claim that Plaintiff developed "a problem" with hydrocodone cough syrup that resulted in the loss of patients and alienated significant members of his workforce, including his medical partner and officer manager. Defendants apparently discovered this information during depositions of Plaintiff's former staff, who testified regarding Plaintiff's alleged use of hydrocodone cough syrup, which he purportedly obtained from Hurley Drug Company. Accordingly, Defendants served a subpoena *duces tecum* on Hurley Drug Company requesting production of "any and all documents and records regarding J. Timothy

Kohari, D.O., DOB xx/xx/58, SSN xxx-xx-1600, including but not limited to his entire employment file, and records of prescriptions that he has filled at your facility."[1]

## II. Positions of the Parties

Plaintiff argues that the subpoena should be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii) because it requires the disclosure of privileged or protected materials for which no exception or waiver applies. (ECF No. 75 at 2). Plaintiff contends that his prescription records constitute private medical information, which may only be discovered upon a showing of relevancy **and** a showing that he has placed his medical condition at issue. Plaintiff emphasizes that he has made no claim that would cause his prescription records to be relevant, nor has he placed his physical or mental condition at issue in the case. Finally, Plaintiff confirms that he has not executed a waiver or authorization for the release of this information. (*Id.* at 3).

To the contrary, Defendants argue that Plaintiff placed his physical and mental condition at issue by claiming that Defendants caused his medical practice to close and by seeking over $5,000,000 in damages related to the closure. In Defendants' view, the evidence strongly suggests that Plaintiff's abuse of hydrocodone led to his personal and professional decline and ultimately to his decision to retire. The reason for Plaintiff's retirement is fair game for discovery, and Defendants have every right to fully explore this theory of defense. Therefore, the prescription records are plainly relevant, and Plaintiff has waived any right he has to keep them confidential.

---

[1] At a recent hearing, the parties mentioned that Plaintiff is now an employee of Hurley Drug Company. Although Plaintiff asks to quash the subpoena in its entirety, he makes no argument in regard to the employment records. Clearly, Plaintiff's current employment is relevant to his damages claim; therefore, some, if not all, of his employment records are subject to production. Because Plaintiff lodges no specific objection to the production of any type or category of employment record, nor claims any particular privilege or protection, the undersigned places no limitations on the subpoena *duces tecum* as it relates to records other than prescriptions.

3

In addition, Defendants argue that no privilege attaches to prescription records. Pointing to the decision of the Supreme Court of Appeals of West Virginia in *State ex. rel. Allen v. Bedell,* 193 W.Va. 32, 35, 454 S.E.2d 77, 80 (1994), Defendants assert that the only "health care" privilege recognized in West Virginia is between psychotherapist and patient. That privilege has not been extended to pharmacists and patients. (ECF No. 76). Similarly, there is no federal pharmacist/patient privilege. Accordingly, Rule 45(d)(3)(A)(iii) is inapplicable, and Defendants are entitled to discover Plaintiff's pharmaceutical history as long as it is relevant to a claim or defense in the case.

### III. Discussion

Federal Rule of Civil Procedure 45(d) sets forth the protections available to a person subject to or affected by a subpoena. In particular, Rule 45(d)(3) outlines when a court *must* quash or modify a subpoena, when it *may* do so, and when the court may direct compliance under specified conditions. Here, Plaintiff argues the application of Rule 45(d)(3)(A)(iii), which requires a court, on timely motion, to quash or modify a subpoena that requires disclosure of privileged or other protected matter, "if no exception or waiver applies."

As a general rule, "only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." *Transcor, Inc. v. Furney Charters, Inc.,* 212 F.R.D. 588, 590 (D.Kan. 2003) (citation omitted). However, an exception exists when the person objecting has a personal right or privilege in the information sought by the requester. *Singletary v. Sterling Transport Company, Inc.,* 289 F.R.D. 237, 239 (E.D.Va. 2012). Although the subpoena in this case is directed to Hurley Drug Company, the Court finds as a preliminary matter that Plaintiff has the requisite standing. Clearly, Plaintiff has a personal right or privilege in his employment

4

and prescription records, and a corresponding right to move to quash the subpoena *duces tecum* seeking those records.

The undersigned will first address Defendants' argument that Rule 45(d)(3)(A)(iii) does not apply given the absence of a state or federal pharmacist/patient privilege. In an action based on diversity of citizenship, where state law supplies the rule of decision, the privilege of a person shall also be determined in accordance with state law. Fed. R. Evid. 501. Defendant is correct that the State of West Virginia has not codified a pharmacist/patient privilege, nor have West Virginia courts recognized such a privilege. Consequently, no privilege attaches to Plaintiff's prescription records.

Moreover, health care records are not the type of "other protected" materials intended by Rule Fed. R. Civ. P. 45(d)(3)(A)(iii). Instead, this provision commonly refers to testimony or documents that, "although not privileged, [are] nevertheless protected from compelled disclosure, such as attorney work product or trial preparation materials." Vol. 9 *Moore's Federal Practice,* § 45.51[3] (Matthew Bender 3d ed). In contrast, the disclosure of medical records, including prescription records, may be compelled when they are relevant to the claims or defenses in the case and appear reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Rule 45(d)(3)(A)(iii) does not directly govern this issue.

Nonetheless, the Supreme Court of Appeals of West Virginia has acknowledged that health care records are, by nature, highly confidential and thus entitled to special protection from unfettered release. *Keplinger v. Virginia Elec. and Power Co.,* 208 W.Va. 11, 23, 537 S.E.2d 632, 644 (2000). Therefore, even when a plaintiff's medical condition is placed at issue in a West Virginia action (i.e. is relevant), it does not automatically follow that the defendant is entitled to collect all of the plaintiff's medical

5

records. Rather, the defendant is permitted only to obtain those records pertaining to the condition that has been placed at issue. *Id.* ("While we acknowledge that a person who has filed a civil action that places a medical condition at issue has impliedly consented to the release of medical information, this implied consent involves *only* medical information *related to the condition placed at issue.* In this regard, we stated in *Kitzmiller* that 'the absence of [a physician-patient] privilege contemplates the release of medical information *only* as it relates to the condition a plaintiff has placed at issue in a lawsuit; it does not efface the highly confidential nature of the physician-patient relationship that arises by express or implied contract'").

Similarly, the federal government, recognizing an ever-increasing need to regulate the release of confidential medical information, implemented the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Pub. L. 104-191. HIPAA applies to most health care providers, including pharmacies, 45 C.F.R. §§ 160.102(a)(3), 160.103, and governs the use and disclosure of individually identifiable health information, also called "protected health information" *Id.* at § 160.103. Under HIPAA's Privacy Rule, health care providers may disclose protected health information for judicial proceedings as long as they meet certain requirements that reduce the risk of misuse, as well as unintended and unnecessary re-disclosures. 45 C.F.R. § 164.512(e)(1)(i)-(vi).

Although Plaintiff's prescription records may not fall squarely within the parameters of Rule 45(d)(3)(A)(iii), these records are unquestionably entitled to special consideration when determining whether, and the extent to which, they should be disclosed. In the context of discovery, "Rule 45 adopts the standards codified in Rule 26 which allows for the discovery of any matter 'not privileged, that is relevant to the claim

or defense of any party' when the discovery request 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). Nevertheless, simply because information is discoverable under Rule 26 "does not mean that discovery must be had." *Id.* (citing *Nicholas v. Wyndham Int'l, Inc.,* 373 F.3d 537, 543 (4th Cir. 2004)). The same limitations to discovery requests found in Rule 26 should be applied to a subpoena served pursuant to Rule 45. *See, e.g., HDSherer LLC v. Natural Molecular Testing Corp,* 292 F.R.D. 305, 308 (D.S.C. 2013) ("Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. However, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26.") (citing *Cook v. Howard,* 484 Fed.Appx. 805, 812 (4th Cir. Aug. 24, 2012) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed[,] ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.")). Therefore, in this case, the Court must consider Plaintiff's motion under the standards set forth in Federal Rule of Civil Procedure 26 and may fashion a protective order quashing or modifying the subpoena to the extent that it seeks discovery which is irrelevant, overly broad, annoying, embarrassing, oppressive, unduly burdensome or expensive, unreasonably cumulative or duplicative.

      Plaintiff argues that the subpoena should be quashed because his claims revolve around the quality of Defendants' professional services, and in no way place his medical condition at issue. Plaintiff asserts that Defendants are engaging in a fishing expedition in the hope of establishing "some unfounded and irrelevant assertion." (ECF No. 75 at 2). In response, Defendants contend that Plaintiff placed his pharmaceutical use at issue

when he claimed that Defendants caused the demise of his medical practice; particularly given the testimony describing Plaintiff's behavior when he was using hydrocodone cough syrup.

The undersigned agrees that Plaintiff did not initially place his use of medication at issue, but when he alleged the loss of his practice as an element of damages, he clearly made the reasons for that loss relevant to the claims and defenses in this action. Plaintiff voluntarily asserted the claim; thus, Defendants are entitled to explore and rebut it.

Moreover, Plaintiff's contention that Defendants are engaging in a fishing expedition is unpersuasive in light of the testimony of Plaintiff's former employee and colleague, who described Plaintiff's erratic behavior in 2007 and 2008, which they attributed to his use of hydrocodone cough syrup, and which they blamed for the decline of his medical practice and the departure of his staff. Accordingly, the undersigned finds that records pertaining to Plaintiff's use of hydrocodone, and other narcotic medications that might mimic or exacerbate the effects of hydrocodone, during the period of 2006-2008 are relevant, and should in fairness be disclosed to Defendants. To the extent that such prescription records exist and are disclosed in this case, safeguards should be implemented to prevent misuse and re-disclosure of the records outside of the litigation.

On the other hand, the undersigned further finds that records reflecting other types of prescriptions and covering other periods of time are not particularly germane to the claims and defenses in this action, and their disclosure would be unnecessarily intrusive and potentially embarrassing to Plaintiff. Consequently, those records are entitled to protection from disclosure under Federal Rule of Civil Procedure 26.

## IV. Order

Wherefore, the Court **DENIES** Plaintiff's Motion to Quash the subpoena to Hurley Drug Company on the grounds that Plaintiff's employment records and some of his prescription records are relevant and discoverable in this action. However, Plaintiff is entitled to a protective order under Rule 26 limiting the prescription records that are produced and providing safeguards on the use and re-disclosure of those records. For that reason, the Court **GRANTS** a protective order modifying the scope of the subpoena *duces tecum* such that, in regard to the request for Plaintiff's prescription records, Hurley Drug Company is **ORDERED** to produce records reflecting only the following: **prescriptions of medications which include hydrocodone, and/or any other narcotic medication, for the years 2006-2008.** In addition, the parties are hereby **ORDERED** to sign and tender the Agreed Protective Order found on the Court's website. The prescription records produced by Hurley Drug Company shall be considered confidential under the Agreed Protective Order and shall be handled in accordance with its terms. Counsel for Defendants is further **ORDERED** to provide a copy of this Order to Hurley Drug Company, or to otherwise advise Hurley Drug Company of the limitations imposed on the subpoena *duces tecum* by this Order.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** April 3, 2014

_____
Cheryl A. Eifert
United States Magistrate Judge